**REVERSE and REMAND; Opinion Filed March 31, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00186-CV

## IN RE THE COMMITMENT OF KEVIN JOE MUMFORD

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CV 1870001**

## MEMORANDUM OPINION
Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Myers

Kevin Joe Mumford appeals the trial court's judgment adjudging him to be a sexually violent predator and civilly committing him pursuant to the Civil Commitment of Sexually Violent Predators Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.153. Appellant brings six issues on appeal. Appellant contends the trial court erred by admitting into evidence the curriculum vitae and Multidisciplinary Report of Dr. Darrell Turner after excluding the State's expert witness from testifying. Appellant also contends the evidence is legally and factually insufficient to support the jury's finding that appellant has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

We conclude the trial court erred by admitting Dr. Turner's report, and we reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Appellant has three convictions for sexual offenses. In 2008, appellant pleaded guilty with a plea bargain to two charges of indecency with a child and was sentenced to two years' imprisonment in each case. Appellant testified the complainants, his nieces aged nine and eleven years old, said he touched their breasts and genitals over their clothes. Appellant testified he did not commit the offenses and that he pleaded guilty to get out of jail sooner. In 2013, three years after his release from prison, appellant was arrested for touching his fifteen-year-old daughter inappropriately. The daughter made an outcry that appellant had touched her breasts and genitals. She also made an outcry that appellant told her to touch his penis if she wanted to use a cell phone. The daughter reported she had been abused in this manner for several years. Appellant testified he did not commit the offense, but he pleaded guilty and was sentenced to eight years' imprisonment.

In 2018, the State filed a petition requesting that appellant be found to be a sexually violent predator and that he be committed pursuant to the Sexually Violent Predator Act. Appellant was examined by Dr. Darrell Turner, who concluded in a report that appellant "does suffer from a behavioral abnormality that makes him likely to engage in future acts of predatory sexual violence." (Emphasis omitted.) The State planned to have Dr. Randall Price testify at the trial. However, the State

failed to designate Dr. Price timely in its discovery responses, and the trial court excluded Dr. Price from testifying. The trial court admitted Dr. Turner's curriculum vitae (CV) and report into evidence over appellant's objection. Although Dr. Turner had not been designated as an expert witness in the case, and the trial court barred the State from calling Dr. Turner to testify, he was present at the trial, and the trial court stated appellant could call him to cross-examine him concerning his report.

At the trial, appellant was the only witness who testified before the jury. The jury found beyond a reasonable doubt that appellant is a sexually violent predator. The trial court accepted that finding and ordered that appellant be civilly committed upon his release from prison.

## SEXUALLY VIOLENT PREDATOR ACT

In a suit to commit a person as a sexually violent predator, the State must prove beyond a reasonable doubt that the person (i) is a "repeat sexually violent offender" and (ii) "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE §§ 841.003(a), 841.062(a); *see also id.* § 841.002(8) (defining "sexually violent offense").

A person is a repeat sexually violent offender if he has been convicted of more than one sexually violent offense and a sentence was imposed for at least one of the offenses. *Id.* § 841.003(b).

A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

A predatory act is "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5).

## SUFFICIENCY OF THE EVIDENCE

In his fourth issue, appellant contends the evidence is legally insufficient to support the jury's finding that appellant has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. In reviewing appeals from the commitment of persons determined to be sexually violent predators, we use the criminal test for legal sufficiency. *In re Commitment of Brown*, No. 05-16-01178-CV, 2018 WL 947904, at *8 (Tex. App.—Dallas Feb. 20, 2018, no pet.) (mem. op.). Thus, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the required elements beyond a reasonable doubt. *Id.* It is the factfinder's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.* We consider all the evidence admitted before the fact finder, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

Appellant argues the evidence is legally insufficient to support the jury's finding that he is a sexually violent predator because the only evidence that he had a behavioral abnormality was Dr. Turner's report and the trial court erred by admitting it. Because we use the criminal standard of review for sufficiency of the evidence, we consider "all evidence in the record of the trial, whether it was admissible or inadmissible." *Id.* (quoting *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)). Therefore, we include Dr. Turner's report in our review of the evidence.

Appellant argues that even if we consider Dr. Turner's report, the evidence is still insufficient to prove beyond a reasonable doubt that appellant has a behavioral abnormality. In the report, Dr. Turner included a summary of his findings:

> Mr. Mumford is a sexual offender with three minor female victims. Two of the victims were his nieces and one was his biological daughter. He denied all offenses today, and engaged in victim blame. He has a relatively unremarkable non-sexual criminal offense history, and has relatively few disciplinary infractions while incarcerated on the instant offense, and these two factors serve in a protective nature. The fact that he has not offended against males or outside of his family also act[s] as factors that hold his level of risk at baseline. Acting as a risk factor is the offender[']s lack of remorse and denial, as well as his offending against a victim as young as 9 and as old as 15 (increasing potential victim pool). Also germane to the offender's overall risk is the fact that he seems to have been evaluated for a behavioral abnormality prior to his release on his incarceration due to the offending against his nieces. He was not committed, and he ultimately reoffended against his own daughter. In fact, he was required to register as a sex offender when he reoffended against his daughter. Additionally, the offending against his daughter was alleged by the victim to have been ongoing for many years. He does not consider himself to be a sex offender, and he does

not feel that he is in need of sex offender treatment. Additionally, the offender has a history of serious abuse of methamphetamine.

The two most robust predictors of sexual recidivism, especially when coexisting, are anti sociality and sexual deviance. There is evidence of sexual deviance given the repeated offending against female children, two of three were pre-pubescent, over a period of time. His degree of psychopathy is only moderate, and this is not uncommon among child molesters. He reports no evidence of childhood conduct disordered behavior, but he has an unstable adult lifestyle and evidences antisocial features in his overall stability and interpersonal affective style. He denies his offenses and subsequently denies any possible negative impact he has had on his victims. His most recent offense occurred in 2013, meaning that he has offended relatively recently and while close to his current age (which mitigates the protective nature of his age from an actuarial standpoint). His Static 99R score is low and this is protective but is seriously mitigated by the chronology of his offending and prior Static 99R score.

In sum, based upon the records reviewed, the clinical interview, and testing conducted, taking all variables into consideration and using a clinically-adjusted actuarial approach, it is the opinion of the undersigned that Mr. Mumford represents a high risk for sexual re-offense and **DOES suffer from a behavioral abnormality that makes him likely to engage in future acts of predatory sexual violence.**

Appellant argues that the evidence conclusively establishes that he does not have a behavioral abnormality. Appellant points out that Dr. Turner states appellant has a history of methamphetamine abuse but does not say whether appellant was using methamphetamine at the time of the offense or whether that increased or decreased appellant's risk of reoffending. Appellant asserts that Dr. Turner's statement that a moderate level of psychopathy is "not uncommon among child molesters" is extremely speculative. Appellant also points to the report's statement that he had a low Static 99R score as evidence of lack of behavioral abnormality.

The report does not, as appellant asserts, conclusively establish appellant's lack of a behavioral abnormality. Instead, the report provides Dr. Turner's findings supporting his conclusion that appellant "suffer[s] from a behavioral abnormality that makes him likely to engage in future acts of predatory sexual violence." (Emphasis omitted.) Those findings include his denial and lack of remorse for the offenses, the ages of the victims, the short period of time following his release until he reoffended against his daughter, his lack of sex-offender treatment in prison, and his belief that he does need sex-offender treatment.

After considering all the evidence, we conclude a reasonable juror could have found beyond a reasonable doubt that appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. We overrule appellant's fourth issue.

## ADMISSIBILITY OF DR. TURNER'S REPORT

In his first issue, appellant contends the trial court erred by admitting Dr. Turner's CV and expert report into evidence under the business-records exception to the prohibition against the admission of hearsay evidence. *See* TEX. R. EVID. 803(6). That rule provides that if the other requirements are met, the evidence is to be admitted if "the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* Documents prepared in anticipation of litigation generally lack the trustworthiness necessary for admission under Rule 803(6). *See Ortega v. Cach, LLC*, 396 S.W.3d

622, 630 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Appellant argues Dr. Turner's report was prepared in anticipation of litigation and, therefore, was not admissible as a business record.

The State argues that appellant did not object to the admission of the report on the ground that it was prepared in anticipation of litigation. We disagree. After jury selection and before opening statements, the trial court held a hearing outside the presence of the jury to consider the parties' motions in limine and admission of the parties' exhibits. The State objected to appellant's ninth motion in limine, which sought to have the trial court prohibit the State from any "attempt to convey to the jury in any manner . . . [a]ny mention of a behavioral abnormality assessment or the results of a behavioral assessment not performed by the testifying expert." The prosecutor told the court that the State intended to introduce Dr. Turner's report as a business record. Appellant's attorney then said, "Your Honor, it's the Respondent's position that the business record intended to be offered by Petitioner is clearly prepared in anticipation of litigation." The trial court ruled that the motion in limine was not applicable because there was not a testifying expert witness. The trial court then considered the admissibility of the State's exhibits. When the State offered Dr. Turner's report into evidence, appellant objected:

> The Respondent would *renew our previous objections*, that it is not proper under Texas Rules of Evidence, 803. It's a violation of the statutory rights of confrontation under 8410613 [sic; presumably Texas Health & Safety Code § 841.061(d)(3)], a violation of his due process rights. We object again because it—it's just being used to bolster his

records.  And, essentially, he's on the stand testifying, but the records will be testifying for him as an expert.  We object to that, Your Honor.

(Emphasis added).  The trial court admitted the report over appellant's objections.

For appellant's objection to have been sufficient, it must have been sufficiently specific "to make the trial court aware of the complaint."  TEX. R. APP. P. 33.1(a)(1)(A).  During the discussion of appellant's motion in limine, the prosecutor said the report would be offered as a business record, and appellant's counsel said the report was prepared in anticipation of litigation.  Even though the admissibility of the report was not the precise matter before the trial court when appellant made the objection, it was relevant to the discussion of the motion in limine.  It appears from the record that appellant made his objection to the exhibit a short time later.  Appellant's objection renewing his previous objection should have been close enough in time for the trial court to be aware that appellant was objecting to the admission of the report as a business record on the ground that it had been prepared in anticipation of litigation.  Accordingly, we conclude this objection was preserved for appellate review.

We next consider whether the report was prepared in anticipation of litigation. The report states that Dr. Turner's forensic evaluation of appellant "was conducted pursuant to request from the Texas Department of Criminal Justice under the authority of the Texas Health and Safety Code, Title 11, Section 852 [sic]."  There is no section 852 in Title 11 of the Health and Safety Code, but the heading of Title

11 is "Civil Commitment of Sexually Violent Predators." The report also states the reason appellant was referred to Dr. Turner:

> Mr. Kevin Mumford is a 44-year-old male who was referred by the TDCJ Civil Commitment Multidisciplinary Team for a forensic psychological evaluation to assist in the determination as to whether or not the offender has a behavioral abnormality that makes him likely to engage in future predatory acts of sexual violence.

Under Title 11, if a person is serving a sentence for a sexually violent offense, may be a repeat sexually violent offender, and is within twenty-four months of being released from incarceration, the Texas Department of Criminal Justice gives notice to a multidisciplinary team. HEALTH & SAFETY § 841.021. The multidisciplinary team then makes an assessment of "whether the person is likely to commit a sexually violent offense after release." *Id.* §§ 841.022(c)(1), .023(a). In making that assessment, the Texas Department of Criminal Justice "shall use an expert to examine the person" and "may contract for the expert services required by this subsection." *Id.* § 841.023(a). "If as a result of the assessment the Texas Department of Criminal Justice believes that the person suffers from a behavioral abnormality," the Department must give notice to the State's attorney. *Id.* § 841.023(b). The State's attorney may then file "a petition alleging that the person is a sexually violent predator." *Id.* § 841.041. If the trier of fact "determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision." *Id.* § 841.081(d). Because the report states it was prepared pursuant to a referral from a multidisciplinary team under Title 11, the report was prepared in anticipation

–10–

of litigation over whether appellant should be committed as a sexually violent predator.

The State argues the report was not prepared in anticipation of litigation because Dr. Turner interviewed appellant on October 10, 2017, which was more than three months before the State filed its petition to commit appellant on January 16, 2018. The report's only purpose was to determine whether to seek commitment of appellant, which could be achieved only by bringing this suit. *See id.* § 841.023.

The State argues a person may be civilly committed under the Act solely on documentary evidence, citing section 841.061(e): "The attorney representing the state may rely on the petition filed under Section 841.041 and supplement the petition with documentary evidence *or* live testimony." *Id.* § 841.061(e) (emphasis added). That provision does not purport to set aside the rules of evidence and civil procedure. Instead, the Act provides those rules apply except as modified by the Act. *See id.* § 841.146(b). No provision of the Act purports to set aside the rule against the admission of hearsay evidence except as permitted by the rules. Nor does any provision of the Act set aside the requirement that documents admitted under the business-records exception to the hearsay rule be trustworthy.

We conclude Dr. Turner's report demonstrates that the circumstances of its preparation indicate a lack of trustworthiness because it was prepared in anticipation of litigation. Therefore, the trial court abused its discretion by admitting the report into evidence.

Although we have determined that the trial court erred by admitting the report, we may not reverse the trial court's judgment unless we determine the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a). In this case, Dr. Turner's report was the only evidence that appellant "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Without evidence to support that finding, the jury could not have found appellant was a sexually violent predator. *See* HEALTH & SAFETY § 841.003(a)(2). Accordingly, we conclude the trial court's admission of Dr. Turner's report over appellant's objection was reversible error. Having determined the admission of the report was reversible error, we need not address whether the trial court erred by admitting Dr. Turner's CV into evidence.

We sustain appellant's first issue. Having sustained the first issue, we need not consider appellant's remaining issues.

## CONCLUSION

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

/Lana Myers/

LANA MYERS
JUSTICE

190186F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE THE COMMITMENT OF KEVIN
JOE MUMFORD

No. 05-19-00186-CV

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. CV 1870001.
Opinion delivered by Justice Myers.
Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Kevin Joe Mumford recover his costs of this appeal from appellee The State of Texas.

Judgment entered this 31st day of March, 2020.